IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DEBORAH HAWK, et al., | \* |
| Plaintiffs, | \* |
| v. | |
| | \* Case No. 06 CV 3413 AMD |
| GARRETT MEDICAL GROUP, P.A. | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

### I.   INTRODUCTION

1. This is a medical malpractice action arising from the medical care rendered to Deborah Hawk, by Defendant, Garrett Medical Group, P.A. ("Garrett"), directly and by and through their actual and/or implied agents, servants and/or employees, including but not limited to Linda Stresky, CRNP, ("Stresky")from on or about February 6, 2002 through June 6, 2006. Defendant Garrett and nurse Stresky negligently failed to order, prescribe and/or recommend routine cancer screening colonoscopies, as required by the accepted standard, of care when Plaintiff, Mrs. Hawk, a woman known to nurse Stresky to have a strong family (i.e. Plaintiff's mother) history of colon cancer, turned fifty (50) years of age. Had Defendant, Garrett, directly and by and through its actual and/or implied agents, servants and/or employees including but not limited to nurse Stresky, followed appropriate screening procedures, as required by accepted standards of care, Mrs. Hawk's colon cancer would have been timely discovered and diagnosed. This negligence was of a continuing

nature through when Mrs. Hawk's cancer was finally diagnosed. The Defendant's negligence prevented Mrs. Hawk's condition from being properly and timely diagnosed, thereby depriving Mrs. Hawk of prompt treatment and the probability of a full recovery. Because of this negligence, Mrs. Hawk has and will continue to suffer severe physical and emotional pain, mental anguish, disrupted marital relations, and financial loss, among other things, from metastatic colon cancer and its sequella. Additionally, Plaintiff, Mr. Hawk has been caused to suffer severe mental anguish, loss of services, disruption of marital relations, and financial loss, among other things.

## II.   JURISDICTION AND VENUE

2.      Jurisdiction is invoked in the United States District Court for the District of Maryland (Northern Division) pursuant to 28 U.S.C. §1332(a) and (c)(1), as the Plaintiffs and the Defendant are citizens of different states, and the matter in controversy exceeds $75,000.00.

3.      Venue is invoked in the United States District Court for the District of Maryland (Northern Division) pursuant to 28 U.S.C. §1391(a)(1), and (c)(1), because the Defendant maintains its principal place of business in the Northern Division of Maryland and the Northern Division of Maryland was the site of the acts or omissions giving rise to the suit.

4.      Although it is not technically a Health Care Provider as defined in Md. Cts. Proc. Code Ann. §3-2A-01(f)(1), filing in the Health Care Alternative Dispute Resolution Office against the Defendant named herein was a condition precedent to filing suit in this Court pursuant to *Group Health Association v. Blumenthal*, 295 Md. 104, 453 A. 2d 1198 (1983), (vicarious liability for the actions of its actual and/or apparent agents, servants, and employees who are statutory Health Care Providers), therefore suit was instituted in HCAO as Deborah Hawk, et al. v. Garrett Medical Group, P.A., et. al., HCA No: 2006-539 along with an Election to Waive Arbitration and the

Certificates of Merit and Information Reports of Daniel M. Derman, M.D. and Peter G. Pushkas, M.D.

5. Pursuant to Md. Code Ann., Cts. & Jud. Proc. §3-2A-04(a) and (b), Plaintiffs filed their Certificate of Qualified Expert and Report, attached hereto as Exhibit A.

6. Pursuant to Md. Code Ann., Cts. & Jud. Proc. §3-2A-06B, Plaintiffs filed an Election to Waive Arbitration, and Order was so granted, attached hereto as Exhibit B.

### III. THE PARTIES

7. At all times relevant hereto, Plaintiffs, Deborah Hawk and Jerry Hawk were and are residents of the State of West Virginia, residing in Grant County.

8. At all times pertinent hereto, Defendant, Garrett Medical Group, P.A., was and is a professional services health care corporation organized under the laws of the State of Maryland, held itself out to the public as competent to provide health care practitioners, health care services, medical care and treatment, including routine family medicine care, radiological studies, cancer screening tests, and other diagnostic studies, and indeed did provide care to Plaintiff, Mrs. Hawk in Garrett County, Maryland. At all times relevant, in rendering care to Plaintiff, Mrs. Hawk, Garrett Medical Group, P.A. acted individually and by and through its actual and/or apparent agents, servants and/or employees, including, but not limited to, Linda Stresky, CRNP, all of whom at all times acted within the scope of their authority and/or agency.

9. At all times pertinent hereto, Plaintiff, Mrs. Hawk was a patient of the above named Defendant for the purpose of receiving medical care and treatment.

## IV.    FACTS COMMON TO ALL COUNTS

10.    In 1998, Mrs. Hawk became a patient of Defendant Garrett Medical Group, P.A. and, was seen primarily by Linda Stresky, CRNP regularly from that time through May 31, 2006, for medical care and treatment, annual physical examinations and annual screenings for cervical and breast cancer. As such, Defendant assumed care for Plaintiff, Mrs. Hawk.

11.    On February 6, 2002, Mrs. Hawk became fifty years of age. Defendant Garrett and Stresky, who had been Mrs. Hawk's primary care provider for approximately four years, negligently failed to recommend and/or order, and/or have ordered a screening colonoscopy at or near this milestone, as required by the standard of care. Additionally, upon information and belief, Stresky was aware that Mrs. Hawk's mother, at age sixty had been diagnosed and successfully treated for colon cancer in 1991, because Stresky regularly rendered medical care to Mrs. Hawk's mother before, during, and after her cancer diagnosis, treatment and full recovery. (Mrs. Hawk's mother is currently seventy-three years old and has been cancer free since 1991). Furthermore, Stresky was aware of the mother daughter relationship. Had Stresky ordered a screening colonoscopy, as required by the standard of care, the tumor in Mrs. Hawk's sigmoid colon would have been visualized, and Plaintiff's colon cancer would have been timely diagnosed and treated. In addition, Stresky frequently saw Mrs. Hawk over the ensuing years and continued her negligent practice of failing to order a screening colonoscopy. A reasonably prudent health care practitioner, practicing medicine in the same or similar circumstances as nurse Stresky would have ordered a screening colonoscopy, as required by accepted standards of care for patients, such as Mrs. Hawk, who are fifty years old, and especially who are known to have a first degree relative, e.g., a parent, previously diagnosed with colon cancer. Moreover, Defendant Garrett was negligent in failing to

oversee and/or train nurse Stresky and in failing to have and/or follow policies, procedures and protocols for the proper treatment of its patients, including Mrs. Hawk.

12.     On April 22, 2002, two months after Mrs. Hawk turned fifty years of age, she was seen by nurse Stresky, for an annual physical exam and pap test (a test designed to detect cervical cancer). Her date of birth (February 6, 1952) was recorded at the top of the clinic notes page that was signed by nurse Stresky. Therefore, Stresky knew or should have known that Mrs. Hawk had reached the age at which a screening colonoscopy was required by accepted standards of care. Yet, the medical records do not contain any documentation related to a screening colonoscopy recommendation and/or referral. Nurse Stresky negligently failed to recommend, order, request, refer and/or even discuss a screening colonoscopy with Mrs. Hawk during this, or any other appointment, during the next four years, up until May 31, 2006. Defendants Garrett, by and through nurse Stresky, continued to be Plaintiff Mrs. Hawk's primary care provider, from 2002 through May 2006, and did regularly render medical care and treatment, order annual mammograms for breast cancer screening, and perform annual physical examinations, including cervical cancer testing. There is no documentation in Mrs. Hawk's medical record during these years, between ages fifty and fifty-four, that states where nurse Stresky discussed, recommended or ordered a colonoscopy, in continued violation of the standard of care. Had Stresky, appropriately referred Mrs. Hawk, for routine screening colonoscopies, as required by accepted standards of care, Mrs. Hawk's colon cancer would have been timely diagnosed at a much earlier stage, thereby offering Ms. Hawk a more efficacious treatment plan and a more favorable prognosis, including full recovery. A reasonably competent health care practitioner, practicing medicine in the same or similar situation as nurse Stresky, would have known that the accepted standard of care requires a screening colonoscopy for

individuals who are fifty years of age, and thereafter, especially when those individuals have a strong family history of colon cancer.

13.     Nurse Stresky and Defendant Garrett owed a duty to obtain Mrs. Hawk's informed consent by properly and appropriately advising her regarding undergoing a screening colonoscopy. Mrs. Hawk, and a reasonable person in Mrs. Hawk's position, would have elected to undergo a screening colonoscopy, had she been properly informed. Nurse Stresky failed to advise Mrs. Hawk at all regarding undergoing screening colonoscopies, and knew or should have known that failing to advise at all regarding screening colonoscopies was a material factor significant to a reasonable person in Mrs. Hawk's position.

14.     On May 31, 2006, Mrs. Hawk, age fifty four, was seen by nurse Stresky for her annual physical exam and pap test. During this exam Mrs. Hawk also complained of having heartburn for several months, increased gas, diarrhea and low back pain. Finally nurse Stresky referred Mrs. Hawk for a screening colonoscopy.

15.     On June 6, 2006, prior to receiving the colonoscopy that Stresky had ordered five days previously, Mrs. Hawk presented to the Emergency Room at Garrett County Memorial Hospital, complaining of severe abdominal pain, nausea, vomiting, change in bowel habits including constipation and explosive diarrhea, back pain and weight loss. A CT scan showed much of her liver was replaced with multiple masses varying in sizes up to 2.5 cm in diameter, that were not present on a January 31, 2005 liver CT scan. The June 6, 2006 CT scan was also suggestive of a sigmoid colon carcinoma, which was subsequently confirmed by colonoscopy.

16.     On June 7, 2006, Mrs. Hawk was transferred to the West Virginia University Hospitals, where she underwent further diagnostic testing, which revealed a large almost completely

obstructive tumor in her sigmoid colon, that required the removal of her entire sigmoid colon. Colon and liver biopsies confirmed that Mrs. Hawk had stage IV sigmoid colon cancer with liver metastases. In July 2006, Mrs. Hawk began chemotherapy to treat her advanced metastatic cancer, which has caused her pain, suffering, and mental anguish, among other injuries.

17. Due to the above negligence by the Defendant, directly and by and through its actual and/or implied agents, servant and/or employees including but not limited to nurse Stresky, Mrs. Hawk has been caused severe pain and suffering, past, present and future, and economic loss, and Mr. Hawk has suffered and will continue to suffer severe mental anguish, associated with his wife's terminal illness, anticipation of the loss of his wife due to her advanced stage IV disease, and economic loss, among other injuries.

18. Had Defendant Garrett Medical Group, P.A, directly and/or by and through their actual and/or implied agents, servants and/or employees, including but not limited to Linda Stresky, CRNP, adhered to the standard of care and timely ordered and/or referred Mrs. Hawk for a routine screening colonoscopy, her colon cancer would have been timely diagnosed and treated, and the injuries complained of herein, would have been avoided. A reasonably competent Defendant, practicing medicine in the same or similar situation would have known that the accepted standard of care required routine colorectal cancer screening via colonoscopy for patients such as Mrs. Hawk, at age fifty, and thereafter, especially if they have a strong family history of colon cancer. The negligent care rendered by Garrett Medical Group, P.A., individually and/or by and through their actual and/or implied agents, servants and/or employees, including but not limited to Linda Stresky, CRNP, was the direct and proximate cause of Mrs. Hawk's and Mr. Hawk's damages.

## V. **NEGLIGENCE**

19. Plaintiffs, Mrs. Hawk and Mr. Hawk, incorporate by reference and reallege paragraphs 1 through 18, as if fully set forth herein, and further allege as follows:

20. Defendant Garett Medical Group, P.A. directly and/or by and through their actual and/or implied agents, servants and/or employees, including but not limited to Linda Stresky, CRNP, directly and through its actual and/or apparent agents, servants and/or employees, owed Plaintiffs the duty to exercise that degree of care and skill which reasonably competent like Health Care Providers would have exercised under the same or similar circumstances.

21. Defendant Garrett Medical Group, P.A., directly and by and through its actual and/or apparent agents, servants and/or employees, including but not limited to nurse Stresky, failed to act as reasonably competent like Health Care Providers would have acted under the same or similar circumstances, breached their duties and violated the applicable standards of care, and were negligent in the following ways, among others:

    A.    Failing to order and/or refer and/or prescribe and/or recommend a routine screening colonoscopy when Mrs. Hawk reached fifty years of age;

    B.    Failing to order and/or refer and/or prescribe and/or recommend a routine screening colonoscopy on April 22, 2002, when Mrs. Hawk presented to Defendant for an annual physical and pap test;

    C.    Failing to order and/or refer and/or prescribe and/or recommend a routine screening colonoscopy when Mrs. Hawk presented to Defendant for her annual physical exams and pap tests in the years

2003 through 2006;

D. Failing to order and/or refer and/or prescribe and/or recommend a routine screening colonoscopy from the time Mrs. Hawk reached age fifty (50) through May 2006:

E. Failing to timely diagnose Mrs. Hawk's colon cancer;

F. Failing to timely treat Mrs. Hawk's colon cancer;

G. Failing to obtain Mrs. Hawk's informed consent;

H. Failing in other ways to manage Mrs. Hawk's medical care in accordance with the applicable standard of care;

I. Failing to adequately instruct, train, and supervise its agents, servants or employees;

J. Failing to establish and/or follow appropriate policies, procedures and/or protocols;

K. Failing to establish and/or follow and/or enforce appropriate policies, procedures and practices to properly screen patients such as Mrs. Hawk, for colon cancer;

L. Failing to have adequate physician monitoring and/or supervision of its employees, agents and/or servants, including but not limited to Linda Stresky, CRNP;

M. Negligently hiring Linda Stresky, CRNP; and

N. Other negligent acts or omissions that may become apparent throughout the course of discovery.

22.     Defendant Garrett Medical Group, P.A., is vicariously liable for the acts and/or omissions of its agents, servants, and employees (actual and/or apparent), including but not limited to Linda Stresky, CRNP.

23.     The above described negligence of the Defendant, directly and by and through its actual and/or implied agents, servants and/or employees including but not limited to nurse Stresky, without any negligence on the part of Mrs. Hawk and/or Mr. Hawk contributing thereto, directly and proximately caused Mrs. Hawk's cancer to remain undiscovered and undiagnosed until June 2006, therefore necessitating more extensive and invasive medical treatment, and it being diagnosed at an advanced stage, and thereby directly and proximately causing Mrs. Hawk and Mr. Hawk to suffer the following injuries:

    A.  Past, present and future medical and other expenses including but not limited to hospitalizations, the need for substantial medical, nursing, hospital, pharmaceutical, rehabilitative, attendant and custodial care, as well as equipment and other expenses, past, present and future;

    B.  The cost of ordinary care, support, maintenance and welfare of Deborah Hawk;

    C.  Mrs. Hawk has and will continue to suffer substantial pain, suffering, economic loss, and mental anguish, including but not limited to, loss of enjoyment and quality of life, loss of companionship, and loss of comfort;

    D.  Mr. Hawk has and will continue to suffer mental anguish, including but not limited to, loss of enjoyment and quality of life, loss of

                companionship, and loss of comfort, loss of services and economic loss; and

E.    The above negligence of the Defendant proximately caused Mrs. Hawk's loss of employment, and loss of future income/earnings.

**WHEREFORE**, Plaintiffs, Deborah Hawk and Jerry Hawk, request that judgment be entered against the Defendant, Garrett Medical Group, P.A., jointly and severally in an amount that will fully and fairly compensated them for damages alleged herein, and interest thereon as allowed by the law and for the costs of this action.

### VI. <u>LOSS OF CONSORTIUM</u>

24.    Plaintiffs, Mrs. Hawk and Mr. Hawk, incorporate by reference and reallege paragraphs 1 through 23, as if they were fully set forth herein, and further allege as follows:

25.    Deborah Hawk and Jerry Hawk are and were at the time of the negligence set out in this Amended Complaint, husband and wife.

26.    As a direct and proximate result of the negligence on the part of the Defendant, Garrett Medical Group, P.A., as aforesaid, Plaintiffs Deborah and Jerry Hawk, sustained a severe and permanent loss of consortium, including without limitation, loss of companionship, affection, and assistance, all to the detriment of their marital relationship. In addition, Plaintiffs sustained a loss of household services.

WHEREFORE, Plaintiffs, Deborah Hawk and Jerry Hawk, request that judgment be entered against the Defendant Garrett Medical Group, P.A., jointly and severally, in an amount that

will fully and fairly compensated her for damages alleged herein, and interest thereon as allowed by the law and for the costs of this action.

>Respectfully submitted,
>
>/s/ Sharon R. Guzejko
>Howard A. Janet, Federal Bar No. 09192
>Christian C. Mester, Federal Bar No. 13570
>Sharon R. Guzejko, Federal Bar No. 27927
>JANET, JENNER & SUGGS, LLC
>Woodholme Center - Suite 320
>1829 Reisterstown Road
>Baltimore, Maryland  21208
>(410) 653-3200 (Telephone)
>(410) 653-9030 (Facsimile)
>
>Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___5th___ day of February, 2007, a copy of the foregoing Amended Complaint, was electronically filed with the Court, and a copy of the above was hand delivered to: Amy B. Heinrich, Esquire, Goodell, DeVries, Leech & Dann, LLP, One South Street, 20th Floor, Baltimore, Maryland 21202, Attorneys for Defendant.

>/s/
>Sharon R. Guzejko, Federal Bar No. 27927
>**JANET, JENNER & SUGGS, LLC**
>Woodholme Center - Suite 320
>1829 Reisterstown Road
>Baltimore, Maryland  21208
>(410) 653-3200 (Telephone)
>(410) 653-9030 (Facsimile)
>
>Attorneys for Plaintiffs